Submitted October 1, reversed December 1, 2021

In the Matter of P. C. G. C.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

P. C. G. C.,
*Appellant.*

Tillamook County Circuit Court
21CC00472; A175485

500 P3d 766

Jonathan R. Hill, Judge.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant appeals a judgment committing him to the Mental Health Division for a period up to 180 days and imposing firearms restrictions, based on appellant being a "person with mental illness," ORS 426.130(1)(a)(C). As relevant here, a "person with mental illness" includes "a person who, because of a mental disorder," is "[d]angerous to self or others" or is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f).

Appellant does not dispute that he has a mental disorder, specifically schizophrenia. However, in his first assignment of error, appellant contends that the trial court erred in committing him based on his being a danger to self or others, and, in his third assignment of error, appellant contends that the trial court erred in finding him unable to provide for his basic needs.[1]

The judgment is unclear regarding the basis for commitment. Pointing to the firearms restriction contained in the judgment—which states that appellant "is reasonably likely to constitute a danger to self or others"—appellant contends that he was committed based on danger to self or others. The state disagrees, arguing that the judgment is silent as to the basis for commitment, that the firearms restrictions is a separate issue, and that the trial court's oral ruling makes clear that the commitment itself was based solely on inability to provide for basic needs.

We need not resolve the parties' procedural disagreement. To the extent that the judgment reflects a commitment based on danger to self or others, the state concedes that such a basis for commitment would be improper—particularly given that the trial court expressly declined to make the necessary findings on this record—and we agree. As for appellant being unable to provide for basic needs, the

---

[1] Appellant's second assignment of error challenges the firearms restrictions imposed in the commitment judgment. Given our disposition of the first and third assignments of error, we need not separately address the second assignment of error.

state concedes, and we agree, that the evidence was legally insufficient to support commitment on that basis.

Reversed.